UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION



FILED
JAN 2 4 2012

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 11-10021 (01) |
| Plaintiff, | |
| -vs- | OPINION AND ORDER |
| MICHAEL SEIBEL, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The defendant was convicted on August 26, 2011, of two counts of sexual abuse of a minor and two counts of abusive sexual contact involving his two daughters. Prior to sentencing he filed a motion for new trial on the basis of newly discovered evidence, namely the alleged recantation by one of the victims of sexual abuse. I conducted an evidentiary hearing on January 6, 2012, and again on January 24, 2012.

At trial, S.S., then age 17, testified that the defendant sexually abused her when she was ages 12 - 16. P.S., then age 14 (she is now age 15), testified that the defendant sexually abused her when she was ages 12 - 14. On October 27, 2011, S.S. wrote a letter to me recanting her trial testimony, stating that she had been coerced by the prosecuting attorney, her guardian *ad litem* appointed by the tribe, an F.B.I. agent, and tribal child protection services. The letter was addressed to me but was sent to the defendant's wife and not provided to defense counsel until November 18, 2011, three days before the scheduled sentence hearing. It was not provided to the government or the Court until just prior to the hearing.

The Eighth Circuit "view[s] with suspicion motions for new trial based on the recantation of a material witness because '[t]he stability and finality of verdicts would be greatly disturbed if courts were too ready to entertain testimony from witnesses who have changed their minds, or who claim to have lied at the trial.'" United States v. Rouse, 410 F.3d 1005, 1009 (8th Cir. 2005) (*quoting* United States v. Grey Bear, 116 F.3d 349, 350 (8th Cir.1997)). "This skepticism 'is especially applicable in cases of child sexual abuse where recantation is a recurring

phenomenon,' particularly 'when family members are involved and the child has feelings of guilt or the family members seek to influence the child to change her story.'" United States v. Rouse, 410 F.3d at 1009 (*quoting* United States v. Provost, 969 F.2d 617, 621 (8th Cir.1992)).

> To receive a new trial, the movant must show that "the newly discovered evidence is of such a nature that, in a new trial, [it] would probably produce an acquittal." *United States v. Papajohn*, 212 F.3d 1112, 1118 (8th Cir.2000) (quotation omitted). When the claim of newly discovered evidence is based on a recantation, the district court must first determine whether the recantation is credible. In this regard, "the real question ... is not whether the district judge believed the recantation, but how likely the district judge thought a jury at a second trial would be to believe it." *Grey Bear*, 116 F.3d at 350. Our review of this credibility finding for clear error is extremely deferential. *See Grey Bear*, 116 F.3d at 351.

United States v. Rouse, 410 F.3d at 1009.

The evidence that victim S.S. recanted was not discovered until after trial. Defendant exercised due diligence. The evidence is certainly material. It is more than impeachment since the testimony came from one of the victims. It is not merely cumulative.

Upon receiving the recantation letter, I appointed a very experienced attorney from Pierre to act as a guardian ad litem for S.S. I believe this was helpful to S.S. to have a friend in which she could confide and have confidence. The guardian fully advised her client of her Fifth Amendment rights to decline to testify at the evidentiary hearing, the fear being that, if she changed her testimony, she could be charged with perjury. S.S. made the decision to testify and testified on January 6, 2012, that her recantation was not true. In other words, her trial testimony incriminating the defendant was true.

I find that the October 27, 2011, recantation is not credible. I find that her recantation was caused by her desire to be reunited with her baby and sister and to return to their home. I also find that the recantation was instigated by defendant and his wife.

Defendant's motion fails for a further reason. Recanted testimony that bears on a victim's credibility or directly on the defendant's guilt will warrant a new trial if it would probably produce an acquittal on retrial. Lewis v. Erickson, 946 F.2d 1361, 1362 (8th Cir. 1991)." United States v. Dogskin, 265 F.3d at 685. I am not convinced that the testimony "would probably produce an acquittal on retrial." S.S. allegedly recanted two months after the

trial. At a new trial, the jury would hear all the evidence testified to originally, that for a short period of time after the trial the victim recanted her accusations, and, finally, that the victim now stands by her accusations. The jury would also hear of the defendant's conduct involved in the counts of conviction as to which there has been no recantation. At a new trial, the evidence would not "probably produce an acquittal." The evidence would again probably produce guilty verdicts.

The motion should be denied.

Now, therefore,

IT IS ORDERED that the motion for a new trial. Doc. 88, is denied.

Dated this 24th day of January, 2012.

BY THE COURT:

_____
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
DEPUTY
(SEAL)

3